**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:09CV-851-H**

**HEIDI ANN FRASCA**                                            **PLAINTIFF**

**v.**

**STATE OF MAINE, THE FICTION**                      **DEFENDANT**

**MEMORANDUM OPINION**

The plaintiff, Heidi Ann Frasca,[1] from Massachusetts, filed a *pro se* notice of removal. She also filed an application to proceed without prepayment of fees, which meets the requirements of 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

In the notice of removal, Frasca states:

> This action was commenced in the Biddeford District Court for York County, State of, Maine, and assigned Case no. 07-SW-035[.] This is a civil action, in commerce, fraudulently converted into a criminal action, now in State of Maine Superior Court, case number CR-08-2674 as State of, Maine, the fiction, claiming to be the damaged Party, asserting claims for relief pursuant to one State statute: MSRA 17.

(DN 1, emphasis omitted). On review of attachments to the notice of removal, it appears that the state actions which Frasca seeks to remove involve an allegedly unconstitutional search. It further appears that Frasca was a plaintiff in the civil action and a defendant in the criminal action referenced above.

---

[1] Heidi Ann Frasca filed a virtually identical notice of removal with John Corrado Frasca, *see* Civil Action No. 3:09CV-850-S, and that action was dismissed and remanded by order entered November 6, 2009. Heidi Ann Frasca's instant notice of removal is also identical to a separate notice of removal filed by John Corrado Frasca. *See* Civil Action No. 3:09CV-845-H.

The plaintiff requests removal under 28 U.S.C. § 1441(b) and 1443. Under § 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Section 1441(a), however, specifies that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the Defendant or the Defendants, *to the district court of the United States for the district and division embracing the place where such action is pending*." (emphasis added). Further, under § 1443,

> Any of the following civil actions or criminal prosecutions, commenced in a State court *may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending*:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

(emphasis added).

Although the Western District of Kentucky is not "the district court of the United States for the district and division embracing the place wherein [Frasca's action] is pending," she argues that "Venue is proper in this District" because "Any/All U.S. District Courts have original jurisdiction of this action because the U.S. District Court, Maine has violated the Open Court Standard precluding Plaintiff from filing this removal in direct violation of the Constitution." Frasca, however, offers no legal authority in support of her argument, and the removal statutes are unambiguous as to the proper place of filing. Clearly, the Western District

of Kentucky at Louisville is not the proper district in which to remove Frasca's state civil case and criminal prosecution originating in the Biddeford District Court for the State of Maine, York County.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Upon review of the notice of removal, the Court does not find that the interests of justice would be served in transferring the action to the district in which it should have been brought.[2]

For this reason, the Court will, by separate Order, dismiss the instant action and remand it to the state court of origination.

Date:

cc: Plaintiff, *pro se*
 Clerk of Court, Biddeford District Court,
  25 Adams Street, Biddeford, ME 04005 (Case Nos. 07-SW-035, CR-08-2674)
4412.005

---

[2]Frasca states that removal is appropriate "particularly [under] 1443(1), (2)." She wholly fails to allege, however, how either subsection of § 1443 applies to her case.